### SILAS PIERCE *versus* JOSEPH WHITNEY.

An instruction to the jury, that an agreement by an indorsee of a note to give time of payment to the maker, in order to discharge the indorser from his liability, must be such, *"that the maker of said note could sustain an action against the indorsee, if he violates it,* is incorrect. The rule seems to be, that if the holder, by an agreement with the maker, has incapacitated himself to proceed against him, the indorsor will be discharged.

An instruction to the jury inapplicable to the facts of the case, and calculated to have an influence on the verdict, although correct when applied to other facts, is an error sufficient to cause the verdict to be set aside.

ASSUMPSIT against the defendant as indorser of a note of which this is a copy.

"3378,62.                    Boston, May 18, 1837.

"Six months from date, value received, I promise to pay to the order of Joseph Whitney three thousand three hundred and seventy-eight dollars and sixty-two cents.

"Luther C. White."

Although dated at Boston, the note was made and indorsed at Calais.

It appeared from the protest of a notary, that he was informed that Whitney, the indorser, had been notified to pay the note at the Commonwealth Bank in Boston ; that he went to that Bank on the day the note fell due, and demanded payment, which was refused because the parties to the note had no funds there ; that he made inquiries for them and could not find them or any dwelling or place of business of theirs within the city ; and that therefore he made a demand on the maker, and gave notice of non-payment to the indorser, by putting notices, directed to them respectively at Calais, Maine, in the first mail.

By some accident the *report* of the case did not come into the hands of the Reporter, and the facts and instructions of the Judge presiding at the trial, cannot be here stated. They are believed to be sufficiently made known in the opinion of the Court.

*Vance* argued for the defendant, and cited, *Blanchard .v Hilliard,* 11 Mass. R. 85 ; 9 Wheat. 581 ; *Maine Bank* v.

*Smith,* 18 Maine R. 99; *Hutchinson* v. *Moody,* ib. 395; *Whittier* v. *Graffam,* 3 Greenl. 82; *Fabens* v. *Mercantile Bank,* 23 Pick. 330; *Williams* v. *Wade,* 1 Metc. 82; *Coffin* v. *Herrick,* 10 Maine R. 121; *Springer* v. *Bowdoinham,* 7 Maine R. 445; *Copeland* v. *Wadleigh,* ib. 143; *Barney* v. *Norton,* 11 Maine R. 353; *Miller* v. *Lancaster,* 4 Maine R. 161; *Steward* v. *Riggs,* 10 Maine R. 172; *Thorn* v. *Rice,* 15 Maine R. 263; *Leach* v. *Perkins,* 17 Maine R. 462.

*Bridges* argued for the plaintiff, and cited *Whitwell* v. *Johnson,* 17 Mass. R. 449; *Blanchard* v. *Hilliard,* 11 Mass. R. 85; Story's Conf. of Laws, 225; 3 Dane, 550; *Thorn* v. *Rice,* 15 Maine R. 263; 9 Wheat. 598; 3 Ohio R. 319; 4 McCord, 583; 6 Mass. R. 449.

The opinion of the Court was prepared by

WHITMAN C. J. — It is difficult to understand, from the report of the Judge, upon what he predicated his instruction to to the jury, " that if they found said Whitney was acquainted with the usage of said banks he was bound by the same ;" and that, " the notice by mail to the maker was sufficient to hold the indorser." The proof, if any there was, of any usage of the banks, variant from the law merchant, is not stated. And if the usage were proved, that notice to the maker, by mail at Calais, from the plaintiff or his agents, the banks in Boston, was a sufficient demand upon the maker to render the indorser liable, upon notice to him of non-payment; still it would remain to be proved, that the indorser was conusant of such usage; without which he could not be considered as having made his contract with reference to it, so as to render it obligatory upon him. Was there any such proof in this case ? The report says only, that " Whitney had, through his agent, Charles E. Bowers, negotiated paper at several of the banks in Boston; which was made payable at said banks." It appears to have been upon this evidence, that the Judge instructed the jury, " that if they found said Whitney was acquainted with the usage of said banks, he was bound by the same; and the notice by mail to the maker was a sufficient demand of pay-

ment on him to hold the indorser." The proof of the defendant's knowledge of usage was only as to his knowledge of their usage, in reference to notes *payable* at the banks; and it does not appear how that could have varied from the law merchant. In such case it was not even necessary to send notice to the maker. A demand at a bank there, and notice by mail to the indorser, was all that was necessary in such cases, without regard to any usage of the banks. The word Boston, preceding the date of the note, could have no effect upon the transaction, other than to lead a holder, who had no knowledge of *the places of residence of the parties, which was not the case* here, to suppose that the maker and indorser might be found there. The instruction, therefore, upon the facts as reported, was erroneous. The jury were not authorized to infer from such facts, that the defendant was apprised of any such usage as would be indispensable to the maintenance of this action.

As to whether the day of payment was extended, by agreement between the maker and the plaintiff, it seems to us, that the instruction to the jury was not what the facts demanded. There was, manifestly, an understanding between the parties, to extend the day of payment. It was, as reported, to the effect, that, if the maker would deposite, as collateral security, in the hands of Messrs. Bridges and Abbot, for the benefit of the plaintiff, securities to the amount of the note in question, that further time should be given for payment; and it does not appear that the defendant had notice of, or was consenting to it. The case finds, that, in pursuance of the agreement, the securities were furnished; and measures taken to collect them; and that the proceeds, when collected, were paid over to the plaintiff. We think the instruction, that the agreement must be such "that the maker of said note could sustain an action against the plaintiff if he violated it," was incorrect. This would imply that an action at law must be maintainable against the plaintiff if he violated his agreement. Surely if the agreement between the maker and payee were such as might be enforced in equity, by injunction or otherwise, the indorser would be discharged. The rule, as laid down, seems to be, that

if the holder, by an agreement with the maker, has incapacitated himself to proceed against him, the indorser will be discharged. *Bank of the United States* v. *Hatch*, 6 Peters, 250; *Leavitt* v. *Savage*, 16 Maine R. 72; *Greely* v. *Dow*, 2 Met. 176; *Gifford* v. *Allen & al.* 3 Met. 255.

The verdict therefore must be set aside and a new trial be granted.